## JUDGSON BONNER v. STATE.

No. A-4686.  Opinion Filed July 23, 1925.
(238 Pac. 229.)

Don Welch, J. O. Minter, and J. R. McClendon, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that in Marshall county, December 8, 1922, the defendants, Major Bonner and Judgson Bonner, did have in their possession 10½ gallons of whisky with the unlawful intent to sell the same. On this separate trial, the jury returned a verdict finding the defendant Judgson Bonner guilty as charged in the information, and fixed his punishment at a fine of $50 and confinement in the county jail for 30 days. From the judgment rendered on the verdict, he appeals.

The errors assigned are that the court erred in admitting incompetent evidence, and that the verdict is not sustained by sufficient evidence.

E. W. Jones, deputy sheriff, testified with W. B. Dickerson and A. M. Corder he went to Judgson Bonner's farm to search the premises for liquor, under authority of a search warrant; that they saw him walking down a path that leads from his house to a spring; that he walked on past the spring into a canyon, and seeing the officers, stopped; that they walked up to him and within a few feet from the place he stopped found a 10-gallon can containing whisky; that they left Mr. Corder there with the defendant and went to the house; Major Bonner and a man by the name of Robinson were in sitting at a table on which was a half-gallon can of whisky; that the 10-gallon can was covered with a sugar sack, and was about 20 steps from the spring; that further on down the canyon, three quarters of a mile from the house, they found a still and some whisky. W. B. Dickerson and A. M. Corder testified, in substance,

to the same facts as did witness Jones.  The defendant did not testify.

Upon an examination of the record, we find no prejudicial error in the rulings of the court in the admission of testimony.

As to the sufficiency of the evidence, we think there can be but little doubt.  The trial was in all respects fair, and we are unable to find anything in the record sufficient to warrant us in interfering with the verdict.

The judgment appealed from is therefore affirmed.

BESSEY, P. J., and EDWARDS, J., concur.